# KENNETH A. PAUL
ATTORNEY AT LAW

TRINITY BUILDING
111 BROADWAY - SUITE 701
NEW YORK, N.Y. 10006
TELEPHONE: (212) 587-8000
FAX: (212) 374-1506

kpaul@kennethpaulesq.com

February 27, 2014

<u>Via ECF and Regular Mail</u>
Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

        Re:   <u>United States v. Eleuterio Granados-Hernandez</u>
               11 Cr. 297(S-5)(KAM)

Dear Judge Matsumoto:

      My client is presently scheduled to be sentenced on March 7, 2014. Please accept this letter as an addendum to my sentencing submission, dated December 3, 2013, on behalf of Mr. Granados-Hernandez. The government has submitted their response, dated February 20, 2014, to both the Presentence Investigation Report, ("PSR"), as well as my sentencing submission.

      The government's submission sets forth the reasons as to why there is agreement between the parties that the sentencing guidelines calculation as stated in the PSR, is incorrect. Both the government and the defendant believe, for all of the reasons stated our submissions, that the applicable total offense level is 38 and the sentencing guidelines range would therefore be 235 to 293 months. This is the same total adjusted offense level as set forth in the plea agreement between the parties.

      Where the government and I disagree is my arguing for the Court's consideration of a sentence that is a variance and down from the sentencing guideline range of 235 to 293 months. The government argues that there should not be a "departure" from the guidelines due to my client's personal and family history being one of extreme poverty and hardship. First, I have not asked for such a departure, pursuant to U.S.S.G. §5H1.12, based upon my client's difficult childhood. Rather I have requested that Your Honor factor this into the Court's consideration as one of the many issues in determining and imposing an appropriate sentence pursuant to 18 U.S.C. §3553(a). As that section specifies, "the Court, in determining the particular sentence to be imposed, shall consider- (1) the nature and

Honorable Kiyo A. Matsumoto
February 27, 2014
Page Two

circumstances of the offense *and* the history and characteristics of the defendant". (emphasis added).

I believe that in determining a particular sentence to be imposed this Court should consider my client's severe economic circumstances growing up, (PSR, p. 24, ¶143), as well as the personal ordeal he has had to live with everyday since his childhood. (PSR, p. 24, ¶144). Clearly, even if this terrible personal history does not technically qualify as a basis for a departure, pursuant to §5H1.12, it is certainly an important factor for Your Honor's consideration in evaluating all of the sentencing factors pursuant to 18 U.S.C. §3553(a).

In my sentencing submission I also requested that this Court, in considering an appropriate sentence for Eleuterio Granados-Hernandez, impose a sentence that is not in conflict with sentences imposed on other defendants in similar cases as per *United States v. Parris*, 573 F. Supp. 2d 744, 754 (E.D.N.Y. 2008)(comparing sentences in cases similar to that case to arrive at a just sentence under §3553(a)).

As examples of similarly situated defendant(s) I cited in my sentencing submission other cases where the defendant(s) received sentences below their advisory Guidelines and close to their statutory fifteen year mandatory minimum. These cases included *United States v. Robinson*, 09 Cr. 794 (E.D.N.Y.), the defendant Devon Robinson was convicted after trial (unlike Eleuterio Granados-Hernandez, who pleaded guilty and admitted his offense) of two counts of violating 18 U.S.C. §1591(b)(2). At Robinson's sentencing in January 2011, Judge Gleeson imposed a term of imprisonment of 180 months, thereby sentencing the defendant to the mandatory minimum and the total amount of imprisonment I propose here.

I also directed the Court's attention to the case of *United States v. Angel Cortez-Granados*, 11 Cr. 657 E.D.N.Y. Here the defendant, Angel Cortez-Granados, pleaded guilty to a similar offense as this one and was similarly charged. He too was sentenced to 180 months by Judge Townes.

The government states that the above-referenced cases are distinguishable from this one in that those defendants' crimes either did not involve the same number of women victims (trafficking of two vs. five victims) or "the defendant's use of violence toward his victims differentiates him from the defendant(s) in *Robinson* and *Cortez-Granados*. I do not agree that those two cases were so different from this one as to justify both Judge Gleeson and Judge Townes varying significantly down from the sentencing guidelines and sentencing those defendants to the mandatory minimum.

Honorable Kiyo A. Matsumoto
February 27, 2014
Page Three

However, I now write the Court regarding another and more recent case that is almost identical to this one for Your Honor's consideration. I am very familiar with this other case, *United States v. Lopez-Perez* et al., 11 CR. 199, (E.D.N.Y.) because I represented one of the three defendants in that indictment before Judge Amon, namely Benito Lopez-Perez.

In the case of *Lopez-Perez*, my client was charged along with two of his brothers in the kidnapping, raping and beating of many women to gain control of them and when these victims were brought to the United States they were then forced into prostitution by these three brothers and others. According to the charges and the admissions entered by the defendants, violence was frequent and severe and several women were beaten by one or more of the defendants. Numerous women were coerced into prostitution by the brothers and their family from 2002 to 2010.

Benito Lopez-Perez pleaded guilty and was held accountable and responsible for the forced prostitution of four victims. Physical force and threats of serious bodily injury was involved with many, if not all, of these victims. There was even a victim who was a minor at the time of Lopez-Perez's criminal activity toward her. After extensive litigation before sentencing, it was determined by the Court that Lopez-Perez's sentencing guidelines range was 235 to 293 months. Just recently, after several victims were permitted to speak in court against Lopez-Perez and his brothers, Judge Amon sentenced Benito Lopez-Perez to 216 months. Clearly, a sentence below his minimum of the sentencing guideline range.

Again, I respectfully request this Court in considering all of the facts and circumstances surrounding this case as well as my client's personal and family history, and after applying all of the factors to be considered in imposing a sentence pursuant to 18 U.S.C. §3553(a), that a sentence resulting in a variance and below the applicable sentencing guideline range be imposed as being appropriate and "sufficient, but not greater than necessary".

Thank you for your consideration.

Respectfully,

Kenneth A. Paul

KAP:ng
Cc:   AUSA Soumya Dayananda          (Via ECF)

      P.O. Angelica Deniz            (Via ECF and Regular Mail)